Michael Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
E-mail: Peyton_Lee@fd.org
101 S.W. Main Street, Suite 1700
Portland, OR 97204
Tel. (503) 326-2123

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 3:26-mj-00004-1 |
| Plaintiff, | |
| v. | MEMORANDUM ON LEGAL ISSUES FOR PRELIMINARY HEARING |
| LUIS NIÑO-MONCADA, | |
| Defendant. | |

Defendant, Luis Niño-Moncada through counsel, Michael Charles Benson and Peyton Lee, submits the following memorandum of legal issues in anticipation of Mr. Niño-Moncada's preliminary hearing set for January 14, 2026. To continue with the complaint against Mr. Niño-Moncada for assault the government must provide probable cause that either that Mr. Niño-Moncada willfully attempted to hit a federal agent with his car and intentionally used his car as a weapon in doing so or that Mr. Niño-Moncada intentionally assaulted a federal agent, placing that agent in reasonable fear that they would be imminently injured by his car and intentionally used his car as a weapon in doing so.

### I. Procedural Background

The government has alleged by Criminal Complaint that Mr. Niño-Moncada is guilty of felony Assault on a Federal Officer under 18 U.S.C. §111(a) and (b) and depredation of federal property under 18 U.S.C. § 1361. This memorandum will focus mainly on the assault charge. Mr. Moncada made an initial appearance on January 12, 2026, at which time a preliminary hearing was scheduled pursuant to Fed. R. Crim. P. 5.1 for January 14, 2026.

As established under FRCP 5.1, Mr. Niño-Moncada is entitled to cross-examine adverse witnesses and introduce evidence. Additionally, he is entitled under FRCP 26.2(a) to any written statements of witnesses that the government calls to testify. After testimony and evidence, the court must determine if there is probable cause that an offense has been committed

### II. Relevant Caselaw

18 U.S.C. § 111(a)(1) criminalizes "whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[.]" Such conduct constitutes a felony when an individual intentionally uses a weapon in the assault. 18 U.S.C. § 111(b). The Model Jury Instructions for the Ninth Circuit provide the following elements and definition:

> First, the defendant forcibly assaulted [*federal officer*]; and
>
> Second, the defendant did so while [*federal officer*] was engaged in, or on account of his official duties.; and
>
> Third, the defendant made physical contact.
>
> There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

The Jury Instructions provide as legal support:

> The statutory language states that the crime can be committed by one who "forcibly assaults, resists, opposes, impedes, intimidates or interferes," but the Ninth Circuit has held that regardless of the circumstances, "convictions under [111(a)] require at least some form of assault." *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008).

The leading case on the scope of felony assault under 18 U.S.C. § 111(a)(1) is *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008). *Chapman* determined that a felony under section 111 requires "at least some form of assault." *Id*. at 1222. *Chapman* further explained that the term "assault" in section 111 requires "either a willful attempt to inflict injury upon the person of another or . . . a threat to inflict injury upon the person of another which, when coupled with an apparently present ability, causes a reasonable apprehension of immediate bodily harm." *Id*. at 1119-1120 (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)).

Non-injury assault under 18 U.S.C. § 111 encompasses two distinct theories of assault. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012). The first theory of assault is an attempted battery, where an individual tries to injure a federal officer but fails to do so (for example shooting at an officer but missing). *Id*. Under this theory while it is not necessary to show intended victim of the battery apprehend the threat, it is necessary to show that the assailant willfully attempted to injure the victim. *Id*. In this case, that would mean that the government must show that Mr. Niño-Moncada tried to hit an officer with the vehicle, but missed. Because this theory of assault requires attempt, there must be an intent to injure, and not an accident "as where *A*, driving a car recklessly just misses striking *B*[.]" W. LaFave, Austin W. Scott, Jr., *Substantive Criminal Law*, § 16.3(a) (hereinafter LaFave).

The second theory of assault is a so-called "intent-to-frighten" assault. *Acosta-Sierra*, 690 F.3d at 1117-18. Under that theory the assailant must threaten to inflict injury, must apparently

Page 3  Memorandum on Legal Issues for Preliminary Hearing

have the ability to inflict that injury, and the victim must reasonably apprehend imminent or immediate bodily harm. *Id*. Unlike the attempted battery theory, there must an individual who actually believes they are immediately going to be harmed and this apprehension must be reasonable. *Id*. at 1122 (noting that the apprehension must be "apprehension of *immediate bodily harm*, not apprehension based on past conduct.") (citations omitted); *Chapman* 528 F. 3d at 1119-20. Put another way, because the "intent-to-frighten" theory of assault is not an attempt the government must prove the result element.

The assault as "intent-to-frighten" theory requires an intent to assault. Recklessness will not suffice: "one cannot [. . .] commit a criminal assault by negligent or even recklessly or illegally acting in such a way (as with a gun or a car) as to cause another person to become apprehensive of being struck. There must be an actual intention to cause apprehension[.]" LaFave § 16.3(b).

In addition to these elements under both theories as alleged the government must show that Mr. Niño-Moncada intentionally used his vehicle as a weapon. 18 U.S.C. § 111(b).

## II.   Conclusion

Mr. Niño-Moncada respectfully requests the Court consider the foregoing caselaw in making its determination on January 14, 2026, regarding whether the Government has established probable cause that Mr. Niño-Moncada committed an assault under 18 U.S.C. § 111(a) and (b).

Dated: January 13, 2026.

*/s/ Michael Benson*
Michael Benson, AK Bar No. 1311070

*/s/ Peyton Lee*
Peyton Lee, OSB No. 164224