Michael Benson, AK SBN 1311070
Email: michael_benson@fd.org
Assistant Federal Public Defender
Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: Peyton_Lee@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-cr-00007-IM-1 |
| Plaintiff, | |
| v. | UNOPPOSED MOTION AND MEMORANDUM FOR ISSUANCE OF RULE 17(c) SUBPOENA |
| LUIS NINO-MONCADA, | |
| Defendant. | |

The defendant, Luis Nino-Moncada, through counsel, Michael Benson and Peyton Lee, hereby moves for an order authorizing the production of records in advance of trial pursuant to a subpoena issued in accordance with Fed. R. Crim. P. 17(c). The defense asks that the Court direct Legacy Emanuel to produce the medical records of Yorlenys Zambrano-Contreras related to her treatment for the gunshot wound she sustained January 8, 2026, in this case. Undersigned counsel have contacted counsel for Ms. Zambrano-Contreras who does not oppose the issuance of a subpoena and agrees that they have received adequate notice of this request.

**Factual Background**

Mr. Nino-Moncada is charged by indictment with two counts: Aggravated Assault of a Federal Officer with a Deadly or Dangerous Weapon pursuant to 18 U.S.C. §§ 111(a), 111(b); and Depredation of Federal Property in Excess of $1,000 pursuant to 18 U.S.C. § 1361. The allegations arise from events that occurred in the parking lot of Adventist Health Primary Care (near SE Main and SE 100th Avenue in Portland, OR) on January 8, 2026, at approximately 2:00 p.m.

The Government allegations, as outlined in the Criminal Complaint, include that Border Patrol agents were targeting the arrest of Ms. Zambrano-Contreras. She was identified as the passenger of a vehicle in which Mr. Nino-Moncada was driver. At approximately 2 p.m., agents initiated a "traffic stop" of the vehicle in the parking lot of Adventist Health Primary Care using four unmarked vehicles. The government alleges that during the attempted arrest of Adult Female 1, Mr. Nino-Moncada drove his vehicle in a manner that struck an unoccupied Border Patrol vehicle. Border Patrol agents fired multiple shots at Mr. Nino-Moncada. After leaving in the vehicle, Mr. Nino-Moncada called 911 for medical assistance because he and Ms. Zambrano-Contreras had both been shot. Portland Police responded to that 911 call.

**Legal Standard**

Federal Rule of Criminal Procedure 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Courts in this District have acknowledged the propriety of issuing a Rule 17(c) subpoena for the pre-trial production of documentary evidence in criminal trials. *See, e.g., United States v.*

*Heine,* No. 3:15-cr-238-SI, 2016 U.S. Dist. LEXIS 44397, 2016 WL 1270907 (D. Or., Mar. 31, 2016). There are certain "fundamental characteristics of the subpoena *duces tecum* in criminal cases"; it is "not intended to provide a means of discovery for criminal cases, [and] its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974).  Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena *duces tecum. United States v. Komisaruk*, 885 F.2d 490, 494 (9th Cir. 1989). The application must be brought in good faith and "not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699.

The request for a Rule 17(c) subpoena for the pre-trial production of the above enumerated evidence meets the *Nixon* standard.  First, the injuries to the passenger will likely be relevant to determining the caliber of the firearm, the trajectory of the bullet, and (relatedly) the position of the shooter or shooters. Second, the records are likely to be admissible to demonstrate the trajectory of the bullets. The request is limited and specific to the treatment for the specific injuries related to these charges. And finally, it is not a general fishing expedition and has been confirmed to exist by preliminary investigation by the defense.

Because the subpoenas will not seek documents from any federal agency, a "C.F.R. letter" (under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)) is not required.

For the foregoing reasons, Mr. Nino-Moncada respectfully requests that this Court grant his motion for subpoena duces tecum order to issue to Legacy Emanual as requested.

Dated: April 21, 2026.

/s/ Michael Benson     /s/ Peyton Lee
Michael Benson, AK Bar No. 1311070 Peyton Lee, OSB #16422

Page 3 Motion and Memorandum for Issuance of Rule 17(c) Subpoena