

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Thomas H. Edmonds
Assistant United States Attorney
Tom.Edmonds@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 1, 2026

Michael C. Benson
Peyton E. Lee
Assistant Federal Public Defenders
Federal Public Defender's Office
101 SW Main St., Suite 1700
Portland, OR 97204

   Re: *United States v. Luis Nino-Moncada*, Case No. 3:26-cr-00007-IM
      Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**:  Defendant agrees to plead guilty to Count Two of the Indictment, which charges Depredation of Federal Property in violation of Title 18, United States Code, Section 1361.

3. **Penalties**:  The maximum sentence is 10 years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

  **Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of

Revised Jan. 2026

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 2
June 30, 2026

admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Defendant admits he is not a United States citizen, and he is in the United States illegally. He admits that he is subject to an Order of Removal entered by an Immigration Judge on November 21, 2024, in Denver, Colorado. Defendant agrees not to contest his removal upon completion of his sentence in this case, and he agrees not to file a habeas petition for release from immigration custody.

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**:   In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant injured or committed a depredation against property;

Second, the property involved was property of the United States;

Third, the defendant acted willfully;

Fourth, the damage to the property exceeded the sum of $1,000.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The parties agree that the government could prove at trial that:

On January 8, 2026, defendant drove into the parking lot of Adventist Health Portland in a red Toyota Tacoma pickup truck. Defendant had a passenger in the truck, AW1. After defendant parked, a Border Patrol agent parked his government black Hyundai Sonata behind the Toyota Tacoma. Six Border Patrol agents exited their vehicles and surrounded the Toyota Tacoma. Defendant later indicated he believed they were "ICE" agents. Then, defendant backed

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 3
June 30, 2026

up his pickup truck forcefully into, and made contact with, the Black Hyundai several times in an attempt to flee. Then, a federal officer fired his service weapon at defendant after defendant had backed into the Hyundai Sonata and caused damage. The Hyundai Sonata was declared a total loss as a result of the damage from the Tacoma, with damage in excess of $10,000. Defendant's conduct placed others at risk of serious bodily injury, and defendant was conscious of or recklessly disregarded that risk.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that applicable guideline for this offense is USSG § 2B1.1. Under that section the base offense level is 6 pursuant to USSG § 2B1.1(a)(2). The parties stipulate that the following guidelines apply:

(a) The parties agree that defendant's conduct of attempting to flee in his truck placed at least one other person at risk of serious bodily injury and that defendant was reckless regarding this risk. The parties agree that AW1 was placed at risk by his conduct but disagree about whether others were at risk. That does not impact the application of the enhancement. Therefore, the offense level is increased to 14 pursuant to USSG § 2B1.1(b)(16).

(b) the guidelines contemplate a 2-level enhancement due to the total loss to the government, under USSG § 2B1.1(b)(1), but this enhancement does not alter the final adjusted offense level because of the aforementioned enhancement in USSG § 2B1.1(b)(16).

(c) defendant is ineligible for the zero-point offender reduction under USSG § 4C1.1 because the offense involves "violence," which includes the "use of physical force against the [. . .] property of another," under 18 U.S.C. § 16(b) and because defendant used force against the property of the government.

(d) Thus, the parties agree that the offense level under USSG § 2B1.1 is 14 and that no other adjustments apply under USSG §§ 2B1.1 and 4C1.1.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG §3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 4
June 30, 2026

offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG §3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG §3E1.1.

9.      **Sentencing Recommendation**:  The parties believe defendant has no criminal history convictions, resulting in an anticipated CHC I.  Based on defendant's timely acceptance of responsibility and stipulation to removability, the parties will jointly recommend a time-served sentence, followed by one year of supervised release, as long as defendant demonstrates an acceptance of responsibility as explained above.

10.     **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward adjustments or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Revised Jan. 2026

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 5
June 30, 2026

13.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly,

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 6
June 30, 2026

individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay **$24,413.00** in restitution for all losses caused by defendant's conduct of conviction from Count 2.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

22. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//

//

//

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 7
June 30, 2026

23.     **Deadline**:  This plea offer expires if not accepted by July 9, 2026, at noon.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*THOMAS H. EDMONDS*

THOMAS H. EDMONDS
LEAH K. BOLSTAD
Assistant United States Attorneys

Michael C. Benson & Peyton E. Lee
Re: Luis Nino-Moncada Plea Agreement Letter
Page 8
June 30, 2026


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


7/27/26
Date

Defendant, Luis Nino-Moncada


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/27/26
Date

Attorneys for Defendant Michael C. Benson
Peyton E. Lee


I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

7/27/26
Date

Interpreter (if necessary)


Revised Jan. 2026